UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

In re

    TODD A. MCINTOSH, SR.                               Case No. 11-03417-7-MAM
        Debtor

In re

    ADA MAE PARKER                                       Case No. 12-00718-7-MAM
        Debtor

**ORDER DENYING THE TRUSTEE'S MOTION TO RECONSIDER THE COURT'S ORDER OF NOVEMBER 25, 2014 REFUSING TO RECONSIDER CONVERSION OF THE CASES TO CHAPTER 7**

    Jeffrey J. Hartley, Attorney for the Chapter 13 Trustee, Mobile, Alabama
    T. Randolph Harrold, Attorney for the Debtors, Selma, Alabama

    These matters are before the Court on the Trustee's motion to reconsider the court's prior order of November 25, 2014 that denied reconsideration of the debtors' conversion of each of their cases to chapter 7 cases. The court has jurisdiction to hear these matters pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. These matters are core proceedings pursuant to 28 U.S.C. § 157(b)(2) and the Court has the authority to enter a final order. For the reasons indicated below, the Court is denying the motion of the Trustee to reconsider.

**FACTS**

    This opinion incorporates the facts already stipulated to by the parties and set out in the Court's opinion of November 25, 2014.

**LAW**

    The trustee asks the court to reconsider its decision not to reconvert the debtors' cases from chapter 7 to chapter 13. He asks this in order to be allowed to receive into the debtors' estates and then distribute to their creditors proceeds from their postconfirmation auto accident case settlements. The court had ruled in its November 25, 2014 order that the cases could be converted and the funds the debtors' litigation counsel was holding could be distributed to the debtors and not to the chapter 13 trustee.

The court held that 11 U.S.C. § 348 (f)(1) applied to the conversion requests since there was no allegation of bad faith and it dictated that "property of the estate in the converted case shall consist of property of the estate, as of the date of the filing of the petition [in the chapter 13 case], that remains in the possession of or is under the control of the debtor on the date of conversion." Therefore, since the lawsuit recoveries were not in existence at the filing of the debtors' chapter 13 cases, the proceeds would go to the debtors.

The Court did not cite the *In re Michael* case, 699 F.3d 305 (3rd Cir. 2012), in the earlier opinion but the Court in other opinions has ruled that it will follow the case and its reasoning supports the ruling here.[1] The case held that undistributed funds held by a chapter 13 trustee at conversion of a case were to be returned to the debtor.

The trustee makes several arguments as to why the order should be reconsidered. (1) Cases in the Southern District of Alabama are not like the case in *In re Michael* and the case is thus distinguishable; (2) Footnote 5 of the *Michael* case raises an exception to its own holding that is applicable to these cases; and (3) the equitable arguments made in the prior hearing as to the unfairness of the holding. The Court will discuss each issue.

A.

The Bankruptcy Code states at 11 U.S.C. § 1327(b) that "[e]xcept as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." This "default rule" in the code revests in debtors all of their property. So what property is left to be property of the estate if this is true? There are three answers to this question as held by different circuits: the estate termination approach, the estate preservation approach and the estate transformation approach.[2] This circuit has adopted the estate transformation approach as to what property remains in a chapter 13 estate postconfirmation where the "default rule" is in effect. This approach holds that "only that property necessary for the execution of the plan [] remain[s] property of the estate after confirmation." *Telfair v. First Union Mortgage Corp.*, 216 F.3d 1333, 1340 (11th Cir. 2000).

The trustee argues that the plan in the Southern District of Alabama is different than the plans in *Michael* and *Telfair*. He asserts that the difference should change the result. In the

---

[1] The Court is aware that the U.S. Supreme Court has granted certiorari and will review the reasoning of the *Michael* case in ruling on the case of *Viegelahn v. Harris (In re Harris)*, 757 F.3d 468 (5th Cir. 2014), *cert. granted*, 135 S.Ct. 782 (2014). It is possible that a ruling that affirms the *Harris* decision, which is in conflict with the *Michael* decision, might make this ruling incorrect. The trustee can make his own decision about whether an appeal is appropriate to hold the matter open until the Supreme Court rules. Until then, this Court will continue to rule in accord with the *Michael* case.

[2] The estate termination approach holds that all property of the estate becomes property of the debtor upon confirmation and ceases to be property of the estate. *In re Petruccelli*, 113 B.R. 5, 15 (Bankr. S.D.Cal. 1990). The estate preservation approach holds that all property of the estate remains property of the state after confirmation until discharge, dismissal, or conversion. *In re Kolenda*, 212 B.R. 851, 853 (W.D.Mich. 1997). The estate transformation approach, adopted by the 11th Circuit is a "compromise between the[] two extremes." *Telfair*, supra. at 1340.

Southern District the plan provides at paragraph 13 (b), entitled "Vesting of Property of the Estate," that "[p]roperty of the Estate shall revest in the Debtor(s) upon discharge or dismissal of the case." The confirmation order approves confirmation of the stated plan, including paragraph 13(b). Thus, unlike the estate transformation approach used in *Telfair*, ALL property of the debtor remains property of the estate and not just the property necessary for the execution of the plan. The Court and Bar have elected to use this approach "to extend the protection of the automatic stay to debtors throughout the life of the chapter 13 case." Order of November 25, 2014, p.3. This plan alternative is allowed under the Bankruptcy Code because section 1327(b) specifically says that the default rule applies "except as otherwise provided by the plan."

The trustee asserts that, if the property of the estate does not revest in the debtor at confirmation, the trustee has the right to collect and distribute the proceeds of any postpetition postconfirmation lawsuit and any money on hand at conversion. However, this argument is in conflict with the holding of *Michael*. At conversion, the chapter 13 plan is no longer operative. "It does not follow that [the trustee] . . . is permitted to distribute funds under a plan that is no longer operative." *Michael, supra.* at p. 314. Even if the debtor does not have possession of the funds, he has not completely lost title to them. They are "vested" in the estate which means that the estate is "invest[ed] with the full title to the property." BLACK'S LAW DICTIONARY (9TH Ed. 2009) (as quoted in *In re Jones*, 657 F.3d 921 (9th Cir. 2011)). However, when a case is dismissed or converted, there is no plan and no authority for the trustee to act. Therefore, the question is to whom the property that was property of the estate should be distributed. For all of the reasons stated in the *Michael* case, the debtor should receive the funds regardless of the status of the funds as property of the estate preconversion. *Michael* confirms this in the context of money paid to the chapter 13 case by the debtor for monthly plan payments. The case stated "when the debtor transfers funds to the Chapter 13 trustee to fulfill its obligations under a confirmed plan . . . the funds become part of the estate, and the debtor retains a vested interest in them. Though creditors have a right to those payments based on the confirmed plan, the debtor does not lose his vested interest until the trustee affirmatively trnasfers the funds to creditors." *Michael, supra.* at p. 313. In cases in this district, the funds of the estate never vest in the debtor until discharge or dismissal. The funds are property of the estate. However, that does not mean that they must, therefore, be paid to the creditors. The funds not distributed are neither the debtor's nor the creditors'. The same rationale prevails. Since there is no effective plan upon conversion, the trustee still must distribute the funds to the debtor. There is no authority to distribute the funds to creditors pursuant to an inoperative plan.

Section 348(f) states that the chapter 7 estate, upon conversion is only the "property of the estate, as of the date of filing of the [chapter 13], that remains in the possession of or is under the control of the debtor on the date of the conversion." Since the postconfirmation lawsuit proceeds are not property that was in existence at the filing of the chapter 13, the property of the estate reverts to the debtor.

B.

The trustee asserts that footnote 5 to the Michaels case indicates that, in some situations, property of the debtor at the filing of the chapter 13 case may include postpetition property. It states:

> Not all property necessarily will meet this requirement. For example, a debtor whose title to particular property is terminated by a divorce decree while his Chapter 13 case is pending no longer has control of the property when the case is converted to Chapter 7, and thus the property is not part of the Chapter 7 estate after conversion even though it was included initially in the Chapter 13 estate. *See, e.g., Yoon v. Krick (In re Krick),* 373 B.R. 593, 608 (Bankr. N.D. Ind. 2007) (holding that a parcel of real estate that was included in a couple's Chapter 13 estate at the time of the filing of their Chapter 13 petition, and in connection with marital dissolution proceedings was determined to be the property of the parents of the former wife debtor, was not the property of that debtor's converted Chapter 7 estate because she did not have an interest in the real estate and thus it was not under her control).

This footnote dealt with prepetition property that was part of the initial chapter 13 case. It did not deal with property that came into existence postconfirmation. The footnote is meant to explain what the language in section 348(f) means what it says that property of the converted chapter 7 case will only include property from the chapter 13 that "remains in the possession of or is under the control of the debtor on the date of conversion". The court found no cases that held that section 348(f) was to be used to create rights to postpetition assets through this language.[3]

C.

The equitable arguments are serious ones. These debtors will receive the benefit of the settlement of lawsuits that arose postpetition and will not be required to use the money to pay creditors. The trustee understandably would like to collect and distribute the money and then allow the conversion. However, as an earlier 3rd Circuit case, upon whose philosophy *Michael* was based stated:

> This result is consonant with the Bankruptcy Code's goal of encouraging the use of debt repayment plans rather than liquidation. *See* H.R. Rep. No. 595, 95th Cong., 1st Sess. 118 (1977), U.S. Code Cong. & Admin. News p. 5904. If debtors must take the risk that property acquired during the course of an attempt at repayment will have to be liquidate for the benefit of creditors if chapter 13

---

[3] Some confusion occurs due to an incorrect added phrase in the *Michael* opinion which, when read as the case states it might lead to the result the trustee is espousing. However, the citation is wrong. *Michael*, in quoting section 348(f), states that upon conversion property of the chapter 7 estate "consist[s] of property of the estate, as of the date of filing of the [Chapter 7] petition." *Michael*, supra. at p. 312. This is incorrect. The language should read "consist[s] of property of the estate as of the date of the filing of the [Chapter 13] petition."

proves unavailing, the incentive to give chapter 13 – which must be voluntary – a try will be greatly diminished. Conversely, when chapter 13 does prove unavailing "no reason of policy suggests itself why the creditors should not be put back in precisely the same position as they would have been had the debtor never sought to repay his debts." *In re Hannan,* 24 B.R. 691, 692 (Bankr. E.D.N.Y. 1982).

*Bobroff v. Continental Bank (In re Bobroff)*, 766 F.2d 797, 803-04 (3rd Cir. 1985).

CONCLUSION

For all of the reasons stated above, the Court is denying the motion of the trustee to reconsider the conversions of the two cases.

IT IS ORDERED AND ADJUDGED that the motion of the trustee to reconsider the Court's order of November 25, 2014 is DENIED.

Dated:   January 27, 2015

_____
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE